**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-1484**

———————————

IHFC PROPERTIES, LLC,

Plaintiff - Appellee,

v.

WHALEN FURNITURE MANUFACTURING, INC.,

Defendant - Appellant,

and

APA MARKETING, INC.,

Defendant.

———————————

**No. 14-1536**

———————————

IHFC PROPERTIES, LLC,

Plaintiff - Appellant,

v.

WHALEN FURNITURE MANUFACTURING, INC.,

Defendant - Appellee,

and

APA MARKETING, INC.,

Defendant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:10-cv-00568-TDS-LPA)

Submitted: April 27, 2015                    Decided: June 11, 2015

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randal S. Waier, LAW OFFICES OF RANDAL S. WAIER, Newport Beach, California, for Appellant. Andrew S. Lasine, KEZIAH GATES LLP, High Point, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, the district court concluded that Whalen Furniture Manufacturing, Inc. ("Whalen Furniture"), was estopped from asserting a statute of frauds defense and awarded IHFC Properties, LLC ("IHFC"), $172,470.51, which represented the base rent, common area maintenance ("CAM") charges, Consumer Price Index ("CPI") escalation charges, and showroom taxes remaining under the lease that IHFC was unable to mitigate after Whalen Furniture vacated IHFC's property.

Whalen Furniture appeals, arguing that it should not be estopped from asserting a statute of frauds defense; alternatively, Whalen Furniture contends that it was at most a sublessee of APA Marketing, Inc. ("APA Marketing"), which signed the original lease, and therefore IHFC lacked privity of estate to enforce the contract against it. Whalen Furniture also challenges the district court's damages calculation, asserting that it cannot be held liable for the CAM charges and CPI escalation charges because it was not on notice of these charges. IHFC cross-appeals, arguing that the district court should have awarded contractual prejudgment interest and attorney's fees, or, alternatively, statutory prejudgment interest. Finding no reversible error, we affirm.

3

## I.

"[W]e review judgments stemming from a bench trial under a mixed standard: factual findings are reviewed for clear error, whereas conclusions of law are reviewed de novo." Makdessi v. Fields, ___ F.3d ____, 2015 WL 1062747 at *4 (4th Cir. Mar. 12, 2015) (citation and internal quotation marks omitted). "In cases in which a district court's factual findings turn on assessments of witness credibility or the weighing of conflicting evidence during a bench trial, such findings are entitled to even greater deference." Helton v. AT&T, Inc., 709 F.3d 343, 350 (4th Cir. 2013). Because the district court was exercising its diversity jurisdiction, North Carolina substantive law governed. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938).

## II.

Whalen Furniture first contends that it was not estopped from asserting a statute of frauds defense because it did not take inconsistent positions regarding a written document to which it was a party. "Under a quasi-estoppel theory, a party who accepts a transaction or instrument and then accepts benefits under it may be estopped to take a later position inconsistent with the prior acceptance of that same transaction or instrument." Whitacre P'ship v. Biosignia, Inc., 591 S.E.2d 870, 881-82 (N.C. 2004). "[T]he essential purpose of quasi-

4

estoppel . . . is to prevent a party from benefitting by taking two clearly inconsistent positions." B & F Slosman v. Sonopress, Inc., 557 S.E.2d 176, 181 (N.C. Ct. App. 2001). Quasi-estoppel, an equitable doctrine, is "inherently flexible and cannot be reduced to any rigid formulation." Whitacre P'ship, 591 S.E.2d at 882.

We conclude that Whalen Furniture was estopped from asserting an affirmative defense based on the statute of frauds. Whalen Furniture accepted the lease, with knowledge of the material terms, when its president informed IHFC's vice president for leasing that Whalen Furniture would take care of the rent after confirming that Whalen Furniture had purchased either APA Marketing or its assets, and paid the rent for the showroom for the October 2008 and April 2009 markets. Whalen Furniture then accepted benefits under the lease beyond mere occupation of the premises when it conducted a private showing for a customer during an off-market time, a privilege only extended to leased tenants.

Whalen Furniture argues that its failure to sign a written lease is fatal to the district court's quasi-estoppel analysis, asserting that this case is virtually identical to B & F Slosman. In B & F Slosman, the defendant occupied space within the plaintiff's property while negotiating for additional space within the property. 557 S.E.2d at 178-79. The parties were

5

unable to reach an agreement, and the defendant vacated the premises.  Id.  When the plaintiff sued, seeking to hold the defendant to its proposed lease term, the North Carolina Court of Appeals concluded that quasi-estoppel was not appropriate because "[t]he fact that defendant occupied the additional space during the negotiation process and agreed to pay a monthly rent [did] not result in defendant's taking two inconsistent positions."  Id. at 181.  Here, however, the district court found that Whalen Furniture accepted the terms of the lease and enjoyed the benefits of the lease for nearly one year. Therefore, its assertion of the statute of frauds is inconsistent with its representations that it would honor the lease and its acceptance of benefits available only to a leaseholder.  We therefore conclude that Whalen Furniture was estopped from asserting the statute of frauds.

Next, Whalen Furniture asserts that it was at most a sublessee of APA Marketing because APA Marketing retained a reversionary interest in the showroom.  IHFC contends that there is no evidence of a subleasing agreement between APA Marketing and Whalen Furniture and that the district court properly found that Whalen assumed the lease through an oral agreement with IHFC.

Under North Carolina law, "a conveyance is an assignment if the tenant conveys his entire interest in the premises, without

6

retaining any reversionary interest in the term itself. A sublease . . . is a conveyance in which the tenant retains a reversion in some portion of the original lease term, however short." Christensen v. Tidewater Fibre Corp., 616 S.E.2d 583, 587 (N.C. Ct. App. 2005).

We agree with the district court that there was no evidence presented demonstrating that Whalen Furniture was a sublessee of APA Marketing. Whalen Furniture's witnesses testified that it paid the rent APA Marketing owed on APA Marketing's behalf, not because Whalen Furniture had agreed to sublet the showroom from APA Marketing. Moreover, the district court did not find, as Whalen Furniture asserts, that APA Marketing retained a reversionary interest in the lease; instead, it found that APA Marketing had no need for the IHFC showroom after the asset sale to Whalen Furniture because APA Marketing had no more product to sell.

                              III.

Finally, Whalen Furniture challenges the district court's damages calculation, arguing that IHFC did not discuss the calculation of CAM charges and CPI escalation charges with Whalen Furniture and therefore the court erroneously awarded IHFC damages for those charges. To the extent that Whalen Furniture is challenging the district court's factual finding to the contrary, we discern no clear error. IHFC's vice president

                               7

testified that he informed Whalen Furniture's president about the outstanding balance for the April 2008 invoice, which included CAM and CPI escalation charges, and discussed the length of the lease, payment due dates, the termination date of the lease, and the rate per square foot. He further stated that it was his usual practice to discuss CPI escalation charges with tenants, which IHFC understood Whalen Furniture would be, because they were part of the payment terms. Moreover, Whalen Furniture received a copy of the April 2008 invoice, which included CAM charges in "rent" and listed the CPI escalation charge for 2008. As the district court noted, Whalen Furniture paid these charges without complaint while occupying the showroom. On these facts, we discern no clear error.

## IV.

In its cross-appeal, IHFC argues that the district court erred when it refused to award prejudgment interest at the contract rate and attorney's fees under the contract, contending that the knowledge of these terms by APA Marketing's principals, who became Whalen Furniture employees, should be imputed to Whalen Furniture. Alternatively, IHFC argues that the district court should have awarded statutory prejudgment interest. Whalen Furniture responds that IHFC waived these arguments by failing to raise them below.

8

It is a "settled rule" that this court will not consider issues raised for the first time on appeal absent "fundamental error or a denial of fundamental justice." In re Under Seal, 749 F.3d 276, 285-86 (4th Cir. 2014). "Fundamental error is more limited than the plain error standard that [this court] appl[ies] in criminal cases." Id. at 285. Thus, this court has used the plain error standard "as something of an intermediate step in a civil case." Id. at 286. "[W]hen a party in a civil case fails to meet the plain-error standard, we can say with confidence that he has not established fundamental error." Id.

To establish plain error, IHFC must demonstrate "that the district court erred, that the error was plain, and that it affected [its] substantial rights." United States v. Robinson, 627 F.3d 941, 954 (4th Cir. 2010) (internal alterations and quotation marks omitted). An error affects substantial rights if it "affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734 (1993). We have discretion to correct such error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks and alteration omitted).

We have refused, however, to undertake plain error review where the party "failed to make its most essential argument in its briefs or at oral argument: it never contended that the

9

district court fundamentally or even plainly erred." In re Under Seal, 749 F.3d at 292; see Makdessi, 2015 WL 1062747, at *4. Here, IHFC fails to argue in its briefs that the district court fundamentally erred or that the elements of plain error review are satisfied here. Thus, IHFC has abandoned these claims and its "failure to argue for plain error and its application on appeal surely marks the end of the road for its argument for reversal not first presented to the district court." In re Under Seal, 749 F.3d at 292 (internal alterations omitted).

V.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED